1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TERRENCE BROWNLEE,                         No.  2:  14-cv-1249 KJM KJN P

12                 Petitioner,

13          v.                                    ORDER

14    LYDIA ROMMORO,

15                 Respondent.

16

17          Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ

18    of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 21, 2014, the undersigned recommended

19    that this action be dismissed as a successive petition.  (ECF No. 12.)  After reviewing petitioner's

20    objections, the undersigned vacates the findings and recommendations and orders this action

21    transferred to the Fresno Division of the United States District Court for the Eastern District of

22    California for the reasons stated herein.

23          In the July 27, 2014, amended petition, petitioner alleges that in 1980 he entered a plea

24    bargain in Fresno Superior Court pursuant to which he was sentenced to fifteen years

25    imprisonment and five years parole.  (ECF No. 8.)  Petitioner alleges that his plea bargain has

26    been violated because he is being treated as if he was sentenced to fifteen years to life.  (Id.)

27          Petitioner is incarcerated at Folsom State Prison, which is located within the Sacramento

28    Division of the Eastern District.  Because petitioner appeared to challenge the execution of his

1

1    sentence, the undersigned determined that venue was proper in the Sacramento Division.  See

2    Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989) ("The proper forum to challenge the

3    execution of a sentence is the district where the prisoner is confined.")

4         The undersigned recommended that this action be dismissed because court records

5    revealed that petitioner had filed several petitions containing the same claim as raised in the

6    amended petition or slightly altered variations.  See 1: 05-cv-0949 REC SMS P, 1: 06-cv-0320

7    OWW SMS P, 1: 09-cv-0765 OWW SMS P, 2: 10-cv-0925 LKK KJM P, 2: 10-cv-3478 GGH P.

8    All of these petitions were denied as successive or time barred.

9         In his affidavit filed in support of his objections, petitioner alleges that he is challenging

10   an amended judgment ordered by the Fresno County Superior Court on March 14, 2013.  (ECF

11   No. 16.)  A copy of the order by the Fresno County Superior Court ordering the amended

12   judgment is attached as an exhibit to petitioner's affidavit.  The order states,

> Petitioner contends that his right to file an adequate petition has been denied for more than 30 years because the Fresno County Superior Court refuses to provide petitioner with a record or transcript of his plea bargain.  Petitioner argues that, on August 4, 1980, he entered a plea in exchange for a 15-year sentence and a 5 year parole term, but has been held in prison for over 32 years.
>
> However, first, petitioner has failed to present any evidence demonstrating that petitioner's previous petitions challenging his conviction and sentence were denied because petitioner failed to attach case documents or portions of his transcript to his petitions.  Therefore, the Court finds that petitioner has not established that his rights have been violated.
>
> Second, to the extent that petitioner is requesting in his petition that the court provide him with a "record or transcript of his plea bargain," petitioner's request is improper.  The purpose of a writ of habeas corpus is "solely to effect 'discharge' from unlawful restraint."  (In re Chessman (1955)  44 Cal.2d 1, 5-6; see Penal Code § 1473 (a).)  In other words, a petitioner may bring a petition for a writ of habeas corpus to challenge the legality of the petitioner's confinement or the conditions of that confinement.  As Petitioner's request for a "record or transcript of his plea bargain" is not a challenge to the propriety of petitioner's imprisonment or to the conditions of that confinement, petitioner's request is not a proper ground for habeas corpus relief.
>
> Consequently, the petition is denied.
>
> The Court notes that the Judgment of Commitment to State Prison and Minute Order issued on August 21, 1980 contains an error in

2

regard to Petitioner's sentence.   While the Judgment of Commitment to State Prison and Minute Order states that petitioner was sentenced to 15 years to life, the trial court actually sentenced petitioner to a total sentence of 17 years to life. (RPO & Judgment, 6: 9-13; Judgment of Commitment to State Prison and Minute Order, p. 1, No. 3(a).)   The court here orders the clerk of this Court to issue an Amended Abstract of Judgment and corrected minute order in conformity with the judgment orally pronounced by the trial court on August 4, 1980.   Further the Court orders the clerk of this Court to forward certified copy of the Amended Abstract of Judgment and correct minute order to the California Department of Corrections and Rehabilitation and a copy of both documents to petition.

(ECF No. 16 at 4-6.)

Because petitioner makes clear that he is challenging the amended judgment issued from the Fresno County Superior Court, and he was convicted in Fresno County, venue is proper in the Fresno Division.  See Laue v. Nelson, 279 F.Supp. 265, 266 (N.D. Cal. 1968) (although venue is generally proper in either the district of the prisoner's confinement or the convicting court's location, petitions challenging a conviction preferably are heard in the district of conviction).[1]  In other words, petitioner's objections indicate that petitioner no longer challenges the execution of his sentence.  Instead, petitioner appears to challenge the Superior Court's order confirming that petitioner received a life sentence and amending the judgment to reflect the correct sentence.

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper division of a court may, on the court's own motion, be transferred to the proper division of the court.  Therefore, this action will be transferred to the Fresno Division of the court.  All pending motions are vacated.

Good cause appearing, IT IS HEREBY ORDERED that:

1.  The July 21, 2014 findings and recommendations (ECF No. 12) are vacated;

2.  Plaintiff's motions to compel (ECF No.s 3, 9, 11) and motion for certificate of appealability (ECF No. 14) are vacated;

---

[1]   The Fresno Division is best suited to determine whether petitioner should file a second amended petition clarifying his claims challenging the amended judgment, whether those claims are exhausted and whether a petition challenging the amended judgment is a successive petition. See Magwood v. Patterson, 561 U.S. 320 (2010) (holding that the rules prohibiting successive petitions do not apply to a petition challenging for the first time a new judgment imposed after resentencing); Wentzell v. Neven, 674 F.3d 1124 (9th Cir. 2012).

1      3.  This action is transferred to the United States District Court for the Eastern District of

2   California sitting in Fresno; and

3      4.  All future filings shall reference the new Fresno case number assigned and shall be

4   filed at:

5                      United States District Court
                       Eastern District of California
6                      2500 Tulare Street
                       Fresno, CA 93721

7

8   Dated:  December 12, 2014

9

10  Brown1249.109

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    4