1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE, | Case No.  1:14-cv-01990-LJO-SAB HC |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| LYDIA ROMMORO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On May 19, 2014, Petitioner filed the instant petition in the Sacramento Division of the Eastern District of California.[1]  (Pet., ECF No. 1).  Petitioner was convicted in July 1980 in the Fresno County Superior Court of Murder and Robbery.  (Pet. at 124).[2]  On August 4, 1980, Petitioner was sentenced to 15 years to life plus two years, for a total of seventeen years to life. (Pet. at 132).

On June 27, 2014, Petitioner filed his first amended petition.  (ECF No. 8).  On July 21, 2014, the Magistrate Judge in Sacramento issued a findings and recommendation to dismiss the

---

[1] Pursuant to the mailbox rule, the Court deems the petitions filed on the date they were signed and presumably handed to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

[2] Page numbers refer to the ECF pagination.

1  petition.   (ECF No. 12).    Petitioner filed timely objections.   (ECF No. 13).    Petitioner

2  subsequently filed an affidavit in support of his objections.  (ECF No. 16).

3       On December 12, 2014, this action was transferred to this Court.  (ECF No. 17).  The

4  Magistrate Judge in Sacramento transferred the case to Fresno because Petitioner articulated in

5  his objections that he was challenging the amended judgment issued from the Fresno County

6  Superior Court and not the execution of his sentence.  (ECF No. 17).

7       Petitioner argues that he is attacking the amended judgment that was entered on March

8  15, 2013, and not the 1980 judgment.   Upon a review of Petitioner's first amended petition,

9  Petitioner's claims concern his plea and sentence in 1980, which he has attacked in numerous

10 petitions.

**I.**

**DISCUSSION**

**A.  Preliminary Review of Petition**

14      Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

15 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

16 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

17 The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ

18 of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

19 dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th

20 Cir. 2001).  In Herbst v. Cook, the Ninth Circuit concluded that a district court may dismiss *sua*

21 *sponte* a habeas petition on statute of limitations grounds so long as the court provides the

22 petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at

23 1041-42.

**B.  AEDPA's Second or Successive Bar**

25      Petitioner has filed numerous habeas petitions in both the Fresno Division and the

26 Sacramento Division of the Eastern District of California.  Court records reveal that petitioner

27 challenged this conviction in a 2001 federal habeas petition on similar grounds, which was

28

1   denied as untimely.  1:01-cv-06120-OWW-SMS.[3]  Records also indicate that petitioner has filed

2   several other petitions that contained exact duplicate claims from the instant petition or slightly

3   altered variations.  These petitions were also denied as successive or as time barred.  See 1:05-

4   cv-00949-OWW-SMS,    1:06-cv-00320-OWW-SMS,    1:09-cv-00765-OWW-SMS,    2:10-cv-

5   00925-LKK-DAD, 2:10-cv-03478-GGH.[4]  Therefore, the Court will first determine whether the

6   instant petition is subject to AEDPA's second or successive claims bar.

7        A federal court must dismiss a second or successive petition that raises the same grounds

8   as a prior petition.  28 U.S.C. § 2244(b)(1).  The court must also dismiss a second or successive

9   petition raising a new ground unless the petitioner can show that 1) the claim rests on a new,

10  retroactive, constitutional right or 2) the factual basis of the claim was not previously

11  discoverable through due diligence, and these new facts establish by clear and convincing

12  evidence that but for the constitutional error, no reasonable fact finder would have found the

13  applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B).  However, it is not the

14  district court that decides whether a second or successive petition meets these requirements.

15       Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by

16  this section is filed in the district court, the applicant shall move in the appropriate court of

17  appeals for an order authorizing the district court to consider the application."  In other words,

18  Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

19  petition in district court.  See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must

20  dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave

21  to file the petition because a district court lacks subject-matter jurisdiction over a second or

22  successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v.

23  Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), cert. denied, 117 S.Ct. 794 (1997); Nunez v.

24  United States, 96 F.3d 990, 991 (7th Cir. 1996).

25       In Magwood v. Patterson, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the

26

27  [3] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir.
    1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

28  [4] Petitioner is also Three Strikes Barred with respect to civil filings.

1    Supreme Court held that a second-in-time federal petition challenging a judgment imposed after

2    resentencing was not "second or successive" under § 2244(b)(2), where the first federal petition

3    was filed prior to resentencing and challenged the original judgment.  In <u>Magwood</u>, an Alabama

4    state prisoner who had been sentenced to death challenged his conviction and sentence in a

5    federal habeas petition.  <u>Id</u>. at 323.  The district court vacated the prisoner's sentence and

6    mandated that he either be released or resentenced.  <u>Id</u>. at 323, 326. The state court then

7    "conducted a full resentencing and reviewed the aggravating evidence afresh" and again

8    sentenced him to death. <u>Id</u>. at 323, 339.  The prisoner filed a second federal habeas petition

9    challenging the new sentence on the ground that he did not have fair warning that his conduct

10   would be sufficient to warrant a death sentence under Alabama law.  After the district court

11   determined that the petition was not successive and granted relief, the Eleventh Circuit held that

12   the second petition "was an unreviewable 'second or successive' challenge under 28 U.S.C. §

13   2244(b) because [the prisoner] could have mounted the same challenge to his original death

14   sentence" when he filed his prior petition.  <u>Id</u>. at 323.  The Supreme Court reversed and held that

15   a petition is not "second or successive" when "there is a new judgment intervening between the

16   two habeas petitions," and the petition challenges the new judgment.  <u>Id</u>. at 341–42.  The

17   Supreme Court declined to determine whether a petitioner could challenge "not only his

18   resulting, *new* sentence, but also his original, *undisturbed* conviction." <u>Id</u>. at 342.

19       Applying <u>Magwood</u>, the Ninth Circuit held that the later of two petitions is not "second

20   or successive" if there is a "new judgment intervening between the two habeas petitions," even if

21   the second petition challenges portions of the judgment that were not amended.  <u>See</u> <u>Wentzell v.</u>

22   <u>Neven</u>, 674 F.3d 1124, 1126-27, *cert. denied*, 133 S.Ct. 2336 (2013).

23       The instant petition is the first federal habeas petition that Petitioner has filed since the

24   entry of the amended judgment.  Therefore, an amended judgment correcting a clerical error was

25   entered between the time the instant petition was filed and Petitioner's prior federal habeas

26   petitions.  It is unclear whether the Ninth Circuit would find that <u>Magwood</u> does not apply to an

27   amended judgment that corrects a clerical error.  Therefore, in accordance with <u>Magwood</u> and

28   <u>Wentzell</u>, the Court finds that the present petition is not successive.

**C.  Limitation Period for Filing a Petition for Writ of Habeas Corpus**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  As the instant petition was filed on May 19, 2014, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Petitioner was sentenced on August 4, 1980, and he did not file an appeal.  Pursuant to former Rule 31(a) of the California Rules of Court, which is now rule 8.308(a) of the

1  California Rules of Court, Petitioner had (60) days in which to file a notice of an appeal.  As

2  Petitioner did not file a notice of appeal, his direct review concluded when the time for filing an

3  appeal expired, October 3, 1980.  Petitioner had one year from the conclusion of direct review,

4  absent applicable tolling, in which to file his federal petition for writ of habeas corpus.

5  However, as Petitioner's direct review concluded before the enactment of the AEDPA, the

6  limitations period would begin to run on April 25, 1996.  See Patterson v. Stewart, 251 F.3d

7  1243, 1245 (9th Cir. 2001).  Therefore, Petitioner had one year from April 25, 1996, plus

8  applicable tolling, in which to file his federal petition for writ of habeas corpus.  However,

9  Petitioner delayed filing the instant petition until May 19, 2014, over seventeen years after the

10  expiration of the statute of limitations.  Therefore, Petitioner's federal petition is untimely absent

11  any applicable tolling.

12        Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed

13  application for State post-conviction or other collateral review with respect to the pertinent

14  judgment or claim is pending shall not be counted toward" the one-year limitations period.  28

15  U.S.C. § 2244(d)(2).  Nevertheless, state petitions will only toll the one-year statute of

16  limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition

17  was timely or was filed within a reasonable time under state law.  See Pace v. DiGuglielmo, 544

18  U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006).  Petitioner is not entitled to any statutory

19  tolling, because his collateral challenges in state court were filed after the expiration of the one-

20  year limitations period.  Petitioner did not file any state habeas petitions until after April 24,

21  1997, the day on which the one-year limitations period expired.  Thus, Petitioner's state habeas

22  petitions did not toll the limitations period or operate to revive it.  See Green v. White, 223 F.3d

23  1001, 1003 (9th Cir. 2000) (holding that Petitioner is not entitled to tolling where the limitations

24  period has already run).

25        Petitioner may argue that his petition is timely because the Amended Judgment should

26  have reset the statute of limitations and the petition was filed within one year of the date that the

27  Amended Judgment became final.  However, given the nature of the Amended Judgment, its

28  entry did not reset the statute of limitations period.

1    The Ninth Circuit held in an unpublished decision that an amendment to a criminal

2 judgment that is merely correcting a clerical error does not restart the statute of limitations for

3 filing a federal habeas petition.  See United States v. Greer, 79 Fed. App'x 974 (9th Cir. 2003)

4 (unpublished disposition).  Several other federal courts have also held that an amended judgment

5 that only corrects a clerical error in the original judgment does not begin the one-year limitations

6 period anew.  See, e.g., Graham v. Smelser, 422 Fed. Appx. 705 (10th Cir. 2011) (unpublished

7 disposition) (modifications of sentences to account for previous time served do not trigger a new

8 statute of limitations); U.S. v. Dodson, 291 F.3d 268, 275 (4th Cir. 2002) (Section 2255

9 limitations period does not start anew when "appellate court…remands for a ministerial purpose

10 that could not result in a valid second appeal").  "Generally, a clerical error is one inadvertently

11 made, while a judicial error is one made advertently in the exercise of judgment or discretion....

12 Clerical error can be made by a clerk, by counsel, or by the court itself." People v. Jack, 213

13 Cal.App.3d 913, 915, 216 Cal.Rptr. 860 (Cal.App. 1 Dist.1989) (citations omitted).  "Clerical

14 error ... is to be distinguished from judicial error which cannot be corrected by amendment." In

15 re Candelario, 3 Cal.3d 702, 91 Cal.Rptr. 497, 477 P.2d 729 (1970).

16    Petitioner's written judgment was amended to seventeen years to life from fifteen years

17 to life after the Fresno County Superior Court examined the record and determined that the judge

18 at the sentencing in 1980 had actually sentenced Petitioner to seventeen years to life, and that

19 there was a clerical error in the original judgment.  The Fresno County Superior Court denied

20 Petitioner's January 4, 2013, habeas petition and stated, "The Court here orders the clerk of this

21 Court to issue an Amended Abstract of Judgment and corrected minute order in conformity with

22 the judgment orally pronounced by the trial court on August 4, 1980." (ECF No. 16 at 5).  The

23 Fresno County Superior Court then issued an amended judgment correcting the clerical error to

24 reflect the accurate sentence that was articulated at Petitioner's original sentencing.  The trial

25 court did not reconsider the correctness of the original sentence and independently decide to

26 impose a seventeen years to life sentence.  The court did not receive evidence or reopen any

27 issue decided in the original sentencing.  The court also did not announce a new sentence at a

28 sentencing hearing at which Petitioner was present.  The Fresno County Superior Court simply

exercised its ability to correct a clerical error by amending the judgment.  Therefore, the Fresno County Superior Court was merely fixing a clerical error when it issued the amended judgment on March 15, 2013.  Furthermore, in its order denying the appeal of Petitioner's March 4, 2013, habeas order, the Fifth Appellate District found that the transcript of the 1980 sentencing "supports a determination that the superior court's correction of the abstract of judgment on March 4, 2013, was ministerial."   (ECF No. 1 at 132-33).  The Court finds that the statute of limitations was not reset by the entry of the amended judgment correcting the clerical error.

Therefore, the limitations period expired on April 24, 1997, and absent equitable tolling, the petition filed on May 19, 2014, is untimely.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner is ORDERED to SHOW CAUSE within **thirty (30)** days of the date of service of this Order why the petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d).

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action, and the dismissal operates as an adjudication on the merits.).

IT IS SO ORDERED.

Dated:   **March 5, 2015**

UNITED STATES MAGISTRATE JUDGE