# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LYDIA ROMMORO,<br><br>　　　　Respondent. | Case No. 1:14-cv-01990-LJO-SAB-HC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 23) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 19, 2014, Petitioner filed his petition in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1). On June 27, 2014, Petitioner filed his first amended petition in the Sacramento Division. (ECF No. 8). On July 21, 2014, the Magistrate Judge in Sacramento issued a findings and recommendation to dismiss the petition. (ECF No. 12). Petitioner filed timely objections. (ECF No. 13). Petitioner subsequently filed an affidavit in support of his objections. (ECF No. 16).

On December 12, 2014, this action was transferred to this Court. (ECF No. 17). The Magistrate Judge in Sacramento transferred the case to Fresno because Petitioner articulated in his objections that he was challenging the amended judgment issued from the Fresno County Superior Court and not the execution of his sentence. (ECF No. 17).

On March 6, 2015, this Court issued an order for Petitioner to show cause why the

1

petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d). (ECF No. 22). On March 20, 2015, Petitioner filed a response to the order to show cause and a motion for appointment counsel. (ECF Nos. 23 & 27).

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

In the instant case, Petitioner requests counsel "in order to uphold the hands of justice." (ECF No. 23 at 2). Upon a review of the petition, the Court does not find that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **March 26, 2015**

UNITED STATES MAGISTRATE JUDGE