# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>LYDIA ROMMORO,<br><br>　　　　　Respondent. | Case No.  1:14-cv-01990-LJO-SAB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR HABEAS CORPUS<br><br>ORDER ON PETITIONER'S MOTION FOR RECONSIDERATION OF DENIAL OF MOTION TO APPOINT COUNSEL<br>(ECF No. 29) |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On May 19, 2014, Petitioner filed the instant petition in the Sacramento Division of the Eastern District of California.[1]  (Pet., ECF No. 1).  Petitioner was convicted in July 1980 in the Fresno County Superior Court of Murder and Robbery.  (Pet. at 124).[2]  On August 4, 1980, Petitioner was sentenced to 15 years to life plus two years, for a total of seventeen years to life.  (Pet. at 132).

　　　　On June 27, 2014, Petitioner filed his first amended petition.  (ECF No. 8).  On July 21, 2014, the Magistrate Judge in Sacramento issued a findings and recommendation to dismiss the

---

[1] Pursuant to the mailbox rule, the Court deems the petitions filed on the date they were signed and presumably handed to prison authorities for mailing.  See Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).
[2] Page numbers refer to the ECF pagination.

1

petition. (ECF No. 12). Petitioner filed timely objections. (ECF No. 13). Petitioner subsequently filed an affidavit in support of his objections. (ECF No. 16).

On December 12, 2014, this action was transferred to this Court. (ECF No. 17). The Magistrate Judge in Sacramento transferred the case to Fresno because Petitioner articulated in his objections that he was challenging the amended judgment issued from the Fresno County Superior Court and not the execution of his sentence. (ECF No. 17).

Petitioner argues that he is attacking the amended judgment that was entered on March 15, 2013, and not the 1980 judgment. However, upon a review of Petitioner's first amended petition, it appears that Petitioner's claims concern his plea and sentence in 1980, which he has attacked in numerous petitions. On March 6, 2015, the Court issued an order to show cause for Petitioner to show why the petition should not be dismissed for violating the limitations period of 28 U.S.C. § 2244(d). (ECF No. 22). On March 20, 2015, Petitioner filed a motion to appoint counsel, request for judicial notice, affidavit in support of matters before this Court, a declaration in support of matters before this Court, and a response to the order to show cause. (ECF No. 27). On March 26, 2015, the Court denied Petitioner's motion to appoint counsel. (ECF No. 28). On April 6, 2015, Petitioner filed an opposition to the Court's order denying his motion to appoint counsel. (ECF No. 29).

## I.

## DISCUSSION

### A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). In Herbst v. Cook, the Ninth Circuit concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the

petitioner adequate notice of its intent to dismiss and an opportunity to respond. 260 F.3d at 1041-42.

### B. AEDPA's Second or Successive Bar

Petitioner has filed numerous habeas petitions in both the Fresno Division and the Sacramento Division of the Eastern District of California. Court records reveal that petitioner challenged this conviction in a 2001 federal habeas petition on similar grounds, which was denied as untimely. 1:01-cv-06120-OWW-SMS.[3] Records also indicate that petitioner has filed several other petitions that contained exact duplicate claims from the instant petition or slightly altered variations. These petitions were also denied as successive or as time barred. See 1:05-cv-00949-OWW-SMS, 1:06-cv-00320-OWW-SMS, 1:09-cv-00765-OWW-SMS, 2:10-cv-00925-LKK-DAD, 2:10-cv-03478-GGH.[4] Therefore, the Court will first determine whether the instant petition is subject to AEDPA's second or successive claims bar.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must

---

[3] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[4] Petitioner is also Three Strikes Barred with respect to civil filings.

dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997); Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).

In Magwood v. Patterson, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), the Supreme Court held that a second-in-time federal petition challenging a judgment imposed after resentencing was not "second or successive" under § 2244(b)(2), where the first federal petition was filed prior to resentencing and challenged the original judgment. In Magwood, an Alabama state prisoner who had been sentenced to death challenged his conviction and sentence in a federal habeas petition. Id. at 323. The district court vacated the prisoner's sentence and mandated that he either be released or resentenced. Id. at 323, 326. The state court then "conducted a full resentencing and reviewed the aggravating evidence afresh" and again sentenced him to death. Id. at 323, 339. The prisoner filed a second federal habeas petition challenging the new sentence on the ground that he did not have fair warning that his conduct would be sufficient to warrant a death sentence under Alabama law. After the district court determined that the petition was not successive and granted relief, the Eleventh Circuit held that the second petition "was an unreviewable 'second or successive' challenge under 28 U.S.C. § 2244(b) because [the prisoner] could have mounted the same challenge to his original death sentence" when he filed his prior petition. Id. at 323. The Supreme Court reversed and held that a petition is not "second or successive" when "there is a new judgment intervening between the two habeas petitions," and the petition challenges the new judgment. Id. at 341–42. The Supreme Court declined to determine whether a petitioner could challenge "not only his resulting, *new* sentence, but also his original, *undisturbed* conviction." Magwood, 561 U.S. at 342.

Applying Magwood, the Ninth Circuit held that the later of two petitions is not "second or successive" if there is a "new judgment intervening between the two habeas petitions," even if the second petition challenges portions of the judgment that were not amended. See Wentzell v.

1   Neven, 674 F.3d 1124, 1126-1127, *cert. denied*, 133 S.Ct. 2336 (2013).

2   However, the instant case is distinguishable from Wentzell and Magwood.  In Magwood, the judgment was amended after the state trial court held a new sentencing hearing and imposed a new sentence after a federal court granted habeas relief.  Magwood, 561 U.S. at 323, 326.  In Wentzell, the petitioner had one of three counts dismissed after he was granted habeas relief in state court.  Wentzell, 674 F.3d at 1126-1127.  Whereas, in this case, Petitioner's amended judgment merely corrected a clerical error and did not have an effect on the finality of his judgment of conviction or sentence.[5]

In California, a court has "the inherent power to correct clerical errors in its records so as to make these records reflect the true facts."  In re Candelario, 3 Cal.3d 702, 705, 91 Cal.Rptr. 497, 477 P.2d 729 (1970).  A clerical error is an error made in recording, not rendering, the judgment.  Id.; See also People v. Anderson, 117 Cal.3d 654 (1981) (classifying the correction of an abstract of judgment to reflect the correct sentence as correction of a clerical error).  A court of general jurisdiction has power, even after final judgment, and even during an appeal or habeas proceeding, to correct clerical errors.  Ex parte Roberts, 200 Cal.App.2d 97 (1962).  The California Supreme Court has held that when the correction is a clerical error, it does not create a new final judgment because it could not have been used to change the effect of the original judgment.  Candelario, 3 Cal.3d at 705.

Petitioner's written judgment was amended to seventeen years to life from fifteen years to life after the Fresno County Superior Court examined the record and determined that the judge at the sentencing in 1980 had actually sentenced Petitioner to seventeen years to life, and that there was a clerical error in the original judgment.  The Fresno County Superior Court denied Petitioner's January 4, 2013, habeas petition and stated, "The Court here orders the clerk of this Court to issue an Amended Abstract of Judgment and corrected minute order in conformity with

---

[5] The Court notes that in his response to the Court's order to show cause, Petitioner states that there was no clerical error for the Superior Court to correct and that the Superior Court's amended judgment pronounced the same sentence in the abstract of judgment and minute order dated August 21, 1980. Petitioner stated that the amended judgment was "irrelevant, meaningless, and unnecessary due to Petitioner already having in his possession the 'original and correct abstract of judgment dated August 4, 1980.'" (ECF No. 27 at 2).  Therefore, it appears that Petitioner is not even attempting to challenge his amended judgment, and that he is only challenging his original plea and conviction from 1980.

the judgment orally pronounced by the trial court on August 4, 1980." (ECF No. 16 at 5). The Fresno County Superior Court then issued an amended judgment correcting the clerical error to reflect the accurate sentence that was articulated at Petitioner's original sentencing. The trial court did not reconsider the correctness of the original sentence and independently decide to impose a seventeen years to life sentence. The court did not receive evidence or reopen any issue decided in the original sentencing. The court also did not announce a new sentence at a sentencing hearing at which Petitioner was present. The Fresno County Superior Court simply exercised its ability to correct a clerical error by amending the judgment when it issued the amended judgment on March 15, 2013. Furthermore, in its order denying the appeal of Petitioner's March 4, 2013, habeas order, the Fifth Appellate District found that the transcript of the 1980 sentencing "supports a determination that the superior court's correction of the abstract of judgment on March 4, 2013, was ministerial." (ECF No. 1 at 132-33).

As Petitioner was not resentenced and his conviction and sentence were not disturbed, the amended judgment correcting a clerical error is not an intervening judgment like in Magwood and Wentzell. Therefore, this Court finds that this petition is a successive petition, within the meaning of 28 U.S.C. § 2244(b). Petitioner has not obtained permission from the Ninth Circuit to file such a successive petition. Therefore, this Court does not have jurisdiction to consider the instant petition, and the petition must be dismissed.

**C. Petitioner's Opposition to Denial of Motion to Appoint Counsel**

On April 6, 2015, Petitioner filed an opposition to the Court's order denying his motion to appoint counsel. (ECF No. 29). Upon review of Petitioner's submission, the Court will construe it as a motion for reconsideration of the Court's order denying Petitioner's motion to appoint counsel. Petitioner requests counsel because of the claims that he raises in his petition.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958); Mitchell v. Wyrick, 727 F.2d 773, 774 (8th Cir. 1984). However, Title 18 U.S.C. 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases. The court should only appoint counsel under "exceptional

circumstances" and after evaluating the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance." See Weygandt, 718 F.2d at 954. The Court does not find that the interests of justice require the appointment of counsel at the present time. Accordingly, Petitioner's motion for reconsideration of the motion to appoint counsel must be denied.

## III.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Petitioner's opposition to the order on the motion to appoint counsel is CONSTRUED as a motion for reconsideration of the denial of the motion to appoint counsel. Petitioner's motion for reconsideration is DENIED.

## IV.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that Petitioner's petition be DISMISSED as successive.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal

the District Court's order.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 18, 2015**

UNITED STATES MAGISTRATE JUDGE