# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE,<br><br>    Petitioner,<br><br>    v.<br><br>LYDIA ROMMORO,<br><br>    Respondent. | Case No. 1:14-cv-01990-LJO-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 41) |

    Petitioner is a state prisoner who had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 19, 2015, the Magistrate Judge issued a findings and recommendation that recommended that the petition be dismissed as successive. (ECF No. 30). On September 3, 2015, the undersigned adopted the findings and recommendation, dismissed the petition as second or successive, denied Petitioner's motion to amend the petition, denied Petitioner's motion to appoint counsel, denied Petitioner's motion in support of matters before this Court, denied Petitioner's motion for order to show cause, and declined to issue a certificate of appealability. (ECF No. 39). On September 14, 2015, Petitioner filed a motion for relief from judgment or order pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. (ECF No. 41).

    Under Rule 60(b)(3) of the Federal Rules of Civil Procedure, a court may grant relief from a final judgment based on "fraud, misrepresentation, or misconduct by an opposing party."

1

Fed. R. Civ. P. 60(b)(3).  The party moving for relief from a final judgment has the burden of proving by clear and convincing evidence that the order or judgment was obtained through fraud, misrepresentation, or other misconduct and such conduct prevented the losing party from fully and fairly presenting its claims.  See De Saracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000); Atchison, T. & S.F. Ry. Co. v. Barrett, 246 F.2d 846, 849 (9th Cir. 1957).  The purpose of Rule 60(b)(3) is to provide relief from "judgments which were unfairly obtained, not at those which are factually incorrect."  In re M/V Peacock, 809 F.2d 1403, 1405 (9th Cir. 1987).

Petitioner claims that Respondent has prevented him from fairly and fully presenting his case because there are no records or transcripts of Petitioner's plea bargain.  Petitioner has failed to meet his burden under Rule 60(b)(3) because he advances no argument as to why the plea transcript would change the Court's decision to dismiss the petition as second or successive.

On November 15, 2000, Petitioner filed a federal habeas petition challenging the same 1980 conviction and judgment, which was dismissed for failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period on September 25, 2002.  See 1:01-cv-06120-OWW-SMS.  For purposes of 28 U.SC. § 2243(b)(3), the court dismissed petitioner's previously-filed action on the merits, and therefore, petitioner was required to obtain authorization from the Ninth Circuit before filing his petition in this court.  See McNabb v. Yates, 576 F.3d 1028, 1029–30 (9th Cir. 2009) ("failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA").

Petitioner's 2013 amended abstract of judgment was merely a correction of a clerical error in the written judgment.  The Fresno County Superior Court did not resentence Petitioner in 2013.  The Fresno County Superior Court had noted in its January 4, 2013 habeas order that the sentence orally produced in 1980 was 17 years to life and that the abstract of judgment should be corrected to reflect that.  Therefore, the 2013 amended abstract of judgment by the Fresno County Superior Court was not an intervening judgment like in Magwood v. Patterson, 561 U.S. 320, 323 (2010), or Wentzell v. Neven, 674 F.3d 1124, 1126-1127 (9th Cir. 2013), *cert. denied*, 133 S.Ct. 2336 (2013).  Therefore, the instant habeas petition is a second or successive

application.

Although Petitioner may be arguing why this Court should allow him to proceed with a second or successive petition, it is not up to the district court to make that determination. Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking the conviction. Petitioner's availability of the plea transcript argument has no bearing on this Court's order dismissing the petition as second or successive. Petitioner has failed to show that Respondent committed fraud, misrepresentation, or misconduct to obtain the September 3, 2015 order and judgment. Petitioner's arguments do not merit reconsideration of the dismissal.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for relief from judgment or order pursuant to Rule 60(b)(3) is DENIED.

IT IS SO ORDERED.

   Dated: **September 21, 2015**        **/s/ Lawrence J. O'Neill**
                                                                            UNITED STATES DISTRICT JUDGE